IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **MICHAEL TAYLOR** )<br>)<br>*Plaintiff*, )<br>)<br>V. )<br>)<br>**GENEVA ENTERPRISES, LLC,** )<br>1902 Association Dr. )<br>Reston, VA 20191, )<br>)<br>Serve Registered Agent: )<br>)<br>    Jerry H. Griffin, )<br>    1902 Association Dr. )<br>    Reston, VA 20191, )<br>)<br>    *and* )<br>)<br>**FAIRFAX IMPORTS, LLC,** )<br>1902 Association Dr. )<br>Reston, VA 20191, )<br>)<br>Serve Registered Agent: )<br>)<br>    Jerry H. Griffin, )<br>    1902 Association Dr. )<br>    Reston, VA 20191, )<br>)<br>*Defendants*. )<br>) | Civ. No. _____<br>**JURY TRIAL DEMANDED** |

**CIVIL COMPLAINT FOR EQUITABLE AND MONETARY
<u>RELIEF AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Michael Taylor brings this lawsuit against Defendants Geneva Enterprises, LLC and Fairfax Imports, LLS d/b/a Rosenthal Automotive Group for violating the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h) ("FCA") when it terminated Taylor after

1

he opposed practices and took an action in furtherance of stopping one or more violations of the False Claims Act.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a).

2. This Court has jurisdiction over Defendant Rosenthal Automotive Group pursuant to 31 U.S.C. § 3732(a) because Rosenthal Automotive Group does business in Virginia and maintains its principal place of business in Reston, Virginia.

3. Venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and this division.

## PARTIES

4. Taylor is a citizen of the United States and is domiciled in Virginia.

5. Defendant Geneva Enterprises, LLC is a Delaware corporation with its principal place of business located at 1902 Association Drive, Reston, Virginia 20191.

6. Defendant Fairfax Imports, LLC is a Delaware corporation with its principal place of business located at 1902 Association Drive, Reston, Virginia 20191.  Geneva Enterprises and Fairfax Imports collectively do business as Rosenthal Automotive Group.

## FACTUAL ALLEGATIONS

7. Rosenthal Automotive Group is comprised of sixteen different automotive dealerships throughout the D.C., Maryland, and Virginia areas.  These dealerships include:

    a. Audi Arlington,

    b. BMW of Alexandria,

    c. Porsche of Arlington,

    d. Rosenthal Landmark Honda,

    e. Rosenthal Honda Fairfax,

    f. Rosenthal Acura,

    g. Hyundai of Chantilly,

    h. Rosenthal Gaithersburg Mazda,

    i. Rosenthal Jaguar Tysons Corner,

    j. Jaguar Chantilly,

    k. Rosenthal Land Rover Tysons Corner,

    l. Land Rover Chantilly

    m. Fairfax Volva Cars,

    n. Rosenthal Fairfax Volkswagen,

    o. Genesis of Chantilly, and

    p. Rosenthal Chevrolet.

8. After working in the automotive dealership industry for more than fifteen years, Taylor joined Rosenthal Automotive Group in or around January 2019 as the automotive pre-owned sales manager. Taylor oversaw pre-owned sales for Rosenthal's Honda, Volkswagen, and Volvo dealerships. Approximately twelve employees fell under Taylor's supervision.

9. Taylor reported to Selim Elasquit, Rosenthal Honda's general manager, and Clint Kiegel, Rosenthal's Volvo Volkswagen general manager. Elasquit and Kiegel reported to Rosenthal president and chief executive officer, George Liu.

10. The Paycheck Protection Program (PPP) is a loan designed to provide a direct incentive for small businesses to keep their workers on their payroll during the economic crisis

caused by the Covid-19 pandemic. It was established as part of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which was passed by Congress and signed into law on March 27, 2020. The CARES Act is a $2 trillion economic relief package designed to provide swift and direct economic assistance for individuals and businesses.

11. The PPP is administered by the Small Business Administration (SBA). Businesses seeking the loan can apply through any existing SBA 7(a) lender or through a federally insured depository institution, federally insured credit union, or Farm Credit System institution that is participating. These private institutions approve and authorize the loan, and then are reimbursed by the federal government.

12. Once the loan is obtained, a business can file for full loan forgiveness provided they adhere to the requirements set out in the CARES Act. In order for forgiveness to be granted, the borrower must attest that they have spent at least 60% of the loan amount on payroll expenses (including benefits like paid sick leave and insurance premiums) and the other 40% has been spent on mortgage interest, rent, utility costs, and interest on pre-existing loans over the 24-week period after the loan is made. The borrower must also maintain at least 75% of their workforce at pre-existing compensation levels. When applying for the loan, the borrower must certify the reasons they need the loan is proper and provide an accounting statement of payroll and other acceptable costs in order to calculate the amount requested. When applying for forgivingness, the borrower must submit documentation demonstrating the loan was used properly. If any of the loan money was used improperly, the borrower must disclose and agree to repay that portion of the loan at a fixed interest rate of 1% for set term.

13. Geneva Enterprises, LLC applied for Paycheck Protection Program funds totaling $2,303,900, and the U.S. Small Business Administration approved this request on or about April 11, 2020.

14. In or around April 2020, after receiving approval for PPP funds, Rosenthal Automotive Group announced its own "CARS ACT stimulus & retention bonus plan" (attached hereto as Exhibit 1).  This program provided up to $2,000 in incentive pay for employees to either purchase a pre-owned vehicle or have that employee's vehicle serviced at an eligible Rosenthal Automotive Group dealership.  These eligible dealerships included Fairfax Honda, Fairfax Volva, Fairfax VW, Landmark Honda, Jaguar Land Rover Tysons Corner, Jaguar Land Rover Chantilly, Hyundai of Chantilly, Audi Arlington, BMW of Alexandria, Porsche of Arlington, Gaithersburg Acura, Gaithersburg Mazda, and Geneva Reconditioning Services.

15. Should an employee purchase or service a qualifying vehicle, Rosenthal Automotive Group's CARS ACT bonus would be processes and paid as income.

16. Concerned about Rosenthal's attempts to convert PPP funds into company profits, Taylor e-mailed CEO George Liu on or about April 27, 2020 (Exhibit 2), stating that he thought Rosenthal Automotive Group attempted to "game the system" and that "the optics are that the company has designed a process to convert government program dollars designed for employee payroll into company profits."

17. Liu replied to Taylor's e-mail on or about April 28, 2020, stating, "The company has chosen this method to use the PPP funds for payroll purposes since the business was designed as an 'essential business."

18. On or about June 12, 2020, Taylor assisted a Rosenthal Volvo salesman, with the pre-owned purchase of a BMW X3.  The customer requested to place an amount above $2,500

on his credit card.  Rosenthal maintains a soft limit of $2,500 for credit card purchases, but managers have the authority to override the soft limit at their discretion.  Following Rosenthal's usual procedure, Taylor ran the appropriate credit checks on the customer and approved the credit card transaction, as he had done a dozen times before.  The transaction also came across the desks of several other managers with the authority to stop the transaction, but all approved the authorization.

19. On or about June 13, 2020, Basir Sebati, Volvo's finance director, and Clint Kiegel, Virginia operations director met with Taylor at which Rosenthal Automotive Group terminated Taylor's employment effective immediately.  Sebati and Kiegel stated the reason for Taylor's termination was insubordination.  When Taylor asked what policies or directives he violated, Sebati and Kiegel could not provide any examples.

20. The following month, Taylor received text messages from Selim Elasquit about returning to Rosenthal Automotive Group.  Elasquit informed Taylor that he could return to his position at Rosenthal and referenced a conversation via text message between Elasquit and George Liu.  In reference to Taylor, Liu said that Taylor could return, but "He just need[s] to get on the program."  Taylor understood this to reference his April 27, 2021, e-mail and that he needed to refrain from questioning management about the CARS Act or similar actions taken by Liu and Rosenthal Automotive Group's senior leadership.

## COUNT I
### Violation of the False Claims Act
### 31 U.S.C. § 3730(h)

21. Taylor realleges and incorporates the allegations set forth above as though fully alleged herein.

22. Taylor was an "employee" of Rosenthal Automotive Group as that term is used in 31 U.S.C. § 3730(h).

23. Taylor engaged in protected activity under the FCA on or about April 27, 2021 when he e-mailed George Liu stating that he thought the CARS Act program instituted by Rosenthal Automotive Group could be an attempt to convert government dollars into company profits. And outlined what he believed the be requirements under the PPP program, in an effort to prevent Rosenthal Automotive Group from submitting a false claim for payment to the United States in the form of its PPP loan forgiveness application.

24. Rosenthal Automotive Group terminated Taylor's employment in retaliation for his attempts to stop one or more violations of the False Claims Act by Rosenthal Automotive Group, in violation of 31 U.S.C. § 3730(h).

25. Rosenthal's reasons for terminating Taylor are pretext for illegal discrimination.

26. Rosenthal Automotive Group's violation of 31 U.S.C. § 3730(h) caused and will continue to cause Taylor to sustain economic and other harm, including, but not limited to, the loss of employment opportunities, the loss of future earning power, back pay and front pay, and interest.

27. Rosenthal Automotive Group's violations of 31 U.S.C. § 3730(h) entitle Taylor to reinstatement with the same seniority status that he would have had but for Rosenthal Automotive Group's unlawful retaliation, recovery of two times the amount of back pay, including interest on the back pay, and Rosenthal Automotive Group's special damages sustained as a result of the retaliation, including her litigation costs, expert witness fees, and attorney fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands all claims be tried by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all claims brought by Taylor prays that judgment be entered against Defendant as follows:

(a) In favor of Plaintiff Taylor for the maximum relief allowed under 31 U.S.C. § 3730(h)(2), including 2 times the amount of back pay, interest on the back pay, and compensation for special damages sustained as a result of the retaliation, including litigation costs, expert witness fees, and reasonable attorneys' fees;

(b) For all costs incurred as a result of maintaining this civil action; and

(c) For such other and further relief as this Court deems just and proper.

By Counsel

/s/ Nicholas Woodfield
Nicholas Woodfield
VSB# 48938
R. Scott Oswald
VSB# 41770
The Employment Law Group, P.C.
1717 K St., NW, Ste. 1110
Washington, D.C. 20006-5345
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for the Plaintiffs*